IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELA I. HENRY, PAULA R. BRITTIAN, OLLIS "BLEU" CARSON, OTIS COOK, DAVID DIXON, TONY GRANT, TIMOTHY E. HARVEY, WILLIE FRANK ROBINSON, AND MICHAEL E. SHIELDS,<br><br>    Plaintiffs,<br><br>v.<br><br>LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP, d/b/a LEVY RESTAURANTS,<br><br>    Defendant. | Civil Action<br><br>No. 1:11-cv-03416-ODE-RGV<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

COME NOW Angela I. Henry, Paula R. Brittian, Ollis "Bleu" Carson, Otis Cook, David Dixon, Tony Grant, Timothy E. Harvey, Willie Frank Robinson, and Michael E. Shields (collectively, "Plaintiffs"), by and through his undersigned counsel, and files this Amended Complaint against Levy Premium Foodservice Limited Partnership (hereinafter "Levy" or "Defendant"). This Amended Complaint simply supplements Plaintiffs' Complaint to include Title VII claims

for Plaintiff Henry based upon the same facts as presented in the Complaint.  This Amended Complaint does not supplant the original Complaint.

## JURISDICTION AND VENUE

1.

All conditions precedent to jurisdiction under Title VII have occurred or have been complied with; specifically, Henry timely filed her respective charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and asserts her respective Title VII claims within ninety (90) days of receiving the Notice of Right to Sue.

## COUNT III:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII

2.

Defendant engaged in a pattern and practice of discriminating against African-Americans in management positions by, *inter alia*, making disparaging comments about African-Americans including calling them the "n" word and "monkeys;" holding them to different performance standards than their Caucasian counterparts; providing them with less equipment and personnel than their Caucasian counterparts; placing them on Performance Development Plans and then denying them the support and resources necessary to meet established goals; denying them promotional opportunities either by failing to post such opportunities

or hiring less-qualified Caucasians; restricting the use of African-American temporary personnel; mandating additional requirements only for African-American events; and ultimately firing African-American managers for pretextual reasons and replacing them with Caucasians who were less qualified and/or who had not complained about Defendant's discriminatory practices.

3.

Specifically, Defendant held Plaintiff Henry to different performance standards than their Caucasian counterparts, reprimanding her for supposed infractions that their Caucasian counterparts had committed without consequence while providing her with less support and resources; and/or placing her on Performance Development Plans or "progressive coaching" without the support (such as "coaching" meetings or consistent performance goals) and resources (such as personnel, supplies, and equipment) necessary to meet established goals.

## COUNT IV:  RETALIATION IN VIOLATION OF TITLE VII

4.

Defendant engaged in a pattern and practice of retaliating against African-Americans who complained of discriminatory treatment by, *inter alia*, failing to properly investigate and/or respond to their stated concerns, writing them up for

bogus reasons, placing them on Performance Development Plans without the support or resources needed to get off of them, and terminating her employment.

5.

Specifically, Defendant retaliated against Plaintiff Henry by subjecting her to unwarranted discipline and then firing her after she complained internally and filed an EEOC charge and then replacing her with a Caucasian.

6.

The relationship between Plaintiff Henry and Defendant was a relationship of employee to employer within the meaning of 42 U.S.C. § 2000e et seq., such that a cause of action exists where discrimination on the basis of race is alleged to be the causative agent of an adverse action directed to the employee by the employer.

Respectfully submitted the 8th day of February, 2012.

**BARRETT & FARAHANY, LLP**

s/ Eleanor M. Attwood
Eleanor Mixon Attwood
Georgia Bar No. 514014
Benjamin F. Barrett
Georgia Bar No. 039586

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Facsimile (404) 214-0125
eleanor@bf-llp.com
ben@bf-llp.com